# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:09CR26

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| ANGELA MARIA OXENDINE | ) | |

**THIS MATTER** is before the Court on Defendant's appeal of the Magistrate Judge's Order of Detention. *See* **Order of Detention, filed June 9, 2009.** For the reasons that follow, the Order is affirmed.

## I. BACKGROUND

On April 7, 2009, Defendant and 13 co-Defendants were charged with conspiracy to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 and knowingly using a communication facility in committing the drug violations, in violation of 18 U.S.C. § 843(b). **Indictment, filed April 7, 2009, at 1-2.** On May 28, 2009, Defendant entered into a plea agreement with the Government

wherein she agreed to plead guilty to Count One (the drug conspiracy charge) in exchange for the dismissal of the other charge by the Government. On June 5, 2009, the Defendant appeared with counsel and formally entered her guilty plea. **See Rule 11 Inquiry and Order of Acceptance of Plea, filed June 5, 2009**. A detention hearing followed. The Magistrate Judge applied the mandatory provisions of § 3143, and entered an order revoking the conditions of pretrial release and ordered Defendant detained pending sentencing. **Order, filed June 9, 2009.** This appeal follows.

## II. DISCUSSION

The Mandatory Detention Act of 1990 requires that defendants found guilty of certain categories of offenses involving controlled substances be detained pending sentencing.[1] There are three exceptions to this mandatory detention. **See 18 U.S.C. § 3143(a)(2);** *United States v. Goforth*, **546 F.3d 712, 713-14 (4th Cir. 2008).** Defendant contends that release is appropriate under 18 U.S.C. § 3145(c). **Notice of Appeal of**

---

[1] No party disputes that Defendant's plea of guilty to Count One of the indictment triggers mandatory detention unless the requirements of § 3145(c) are satisfied.

**Detention Order, filed June 7, 2009, at 2.** This section provides that a "person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." **18 U.S.C. § 3145(c)**.

Defendant offers a host of reasons she contends support a finding of "exceptional reasons." **See Notice of Appeal,** *supra***, at 2-3.** Defendant has no criminal history, with the exception of her guilty plea in this case, and argues she is gainfully employed and helps support her family. Defendant has been cooperative with the Government during its investigation and compliant with all of the terms of pretrial release. Defendant also cites an imminent family reunion as grounds for release. Finally, Defendant argues that it might be possible that no active imprisonment will be imposed and that she might qualify for a probationary sentence.

Courts considering the meaning of "exceptional reasons" have generally concluded that a defendant must present circumstances that are "clearly out of the ordinary, uncommon or rare." ***United States v. Larue***,

**478 F.3d 924, 926 (8ᵗʰ Cir. 2007) (rejecting defendant's argument that complying with pretrial release terms, a lack of criminal history, child support obligations, and continued employment represent exceptional reasons);** *see also United States v. Lea*, **360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" (quoting** *United States v. DiSomma*, **951 F.2d 494, 497 (2d Cir. 1991)).**

After considering Defendant's arguments and the relevant case law, the Court concludes Defendant has offered insufficient evidence to support her release under § 3145(c). In short, Defendant's reasons are the same reasons any defendant might advance to escape detention after pleading guilty to an offense involving mandatory detention and thus such reasons are not "exceptional."

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's appeal of the Order of Detention is **DENIED**, and the Magistrate Judge's Order of Detention is **AFFIRMED**.

5

Signed: June 16, 2009

Lacy H. Thornburg
United States District Judge